Mr. Chief Justice Johnson delivered the opinion of the Court. This was an action of slander instituted by the plaintiff against the defendant, in the Union Circuit Court. The charge is, in substance, that the defendant at a certain time and place, and in the presence of divers good citizens, in a discourse which he then and there had of, and concerning the plaintiff, falsely and maliciously declared that he had sworn falsely. To this declaration, the defendant filed four pleas; first, the general issue, and the three latter special pleas of justification. To the plea of the general issue,"the plaintiff took issue and filed his demurrer to the other three. The court sustained the demurrer to the third and fourth, but overruled it as to the second. To the de-cisión of the court in thus overruling the demurrer to the second plea, the plaintiff excepted and refused to take issue upon it, but rested; and the court having given judgment against him, he appealed. The defendant, in his second plea, and the one to which the demurrer was overruled, sets out in detail a judicial proceeding, which he alleges, took place before a certain justice of the peace; who, he avers, was duly commissioned and qualified, and fully competent to administer oaths, that he had jurisdiction of the subject matter of the suit, that the plaintiff, who was introduced as a witness in the case, testified to a certain matter; and that, in so testifying, he swore falsely. This plea is believed to be substantially a good plea of justification to a charge of perjury alleged to have been made against a party, with the single exception that it is not averred that the matter sworn to was material to the cause or matter then in hand. If the defendant intended to justify a charge of perjury, which is quite obvious from the character and contents of his plea, he fell short in the particular just stated — and, consequently, upon that ground, his plea was demurrable. But it is well settled that even a bad plea is good for a bad declaration, and that upon a demurrer to a plea, the court will go back and look into the declaration, and if it shall be found to be defective, the plaintiff having been found to be guilty of the first fault in pleading, judgment will be given against him, and that, too, without any regard to the sufficiency or insufficiency of the plea. To determine upon the legal sufficiency of the declaration, will necessarily involve the question of the true construction of the statute. The 2d sec. of chap. 152 of the Digest, declares “It shall be actionable to charge any person with swearing falsely, or with having sworn false, or to use, utter or publish words of, to, or concerning any person, which, in their common acceptation, amount to such a charge, whether the words be spoken in a conversation of and concerning a judicial proceeding or not.” This statute, though general in its terms, never was designed to extend so far as to embrace mere unauthorized or profane swearing, but was clearly intended to be confined in its operation, to such swearing as is recognized or required by law. It was intended to remedy a defect in the old law, by which the action of slander, when brought to recover damages for a false and malicious charge of perjury, was confined to some judicial proceeding. The legislature doubtless conceived that the reputation of a party might be made to suffer as much from a charge of false swearing in numerous other cases, in which the law requires oaths to be administered as in a regular judicial proceeding before a competent court; and, in view of this, determined to extend the action so as to embrace all cases of legal swearing, or, to speak more properly, all cases or matters in which the various statutes of the State enjoin the administration of an oath as the means of eliciting the truth. The 10th sec. of chap. 113, is strongly corroborative of this construction of the statute referred to. By it, it is declared that “In all cases in which an oath is required or authorized by law, the same may be taken in any of the forms in this act prescribed, in the several cases herein before specified, and every person swearing, affirming or declaring in any such form, or any form authorized by law, shall be deemed to have been lawfully sworn, and to be guilty of perjury for corruptly and falsely swearing, affirming or declaring, in the same manner as if he had sworn by laying his hand on the Gospels and kissing them.” This statute puts all oaths which are required or authorized by law upon the same footing with those which may be administered in the course of a judicial proceeding, so far as the consequences of false swearing are concerned, and broadly declares that all such false swearing shall be perjury. We do not conceive that the legislature by extending the action of slander to all cases where a charge of false swearing has been made, entertained the remotest idea of changing the form of pleadings, either on the part of the plaintiff or defendant. The act, by dispensing with the necessity of a reference to a judicial proceeding, which the old law required in order to make the words charged actionable, by no means designed to dispense altogether with any reference whatever to extrinsic matter. It was not intended, to make the word mentioned in the act, actionable per se, like a charge of theft or perjury, but simply to extend the action to other cases of false swearing than such as might be committed in the course of a judicial proceeding. If the defendant,^therefore, at the time he uttered the slander charged against him, was speaking of a judicial proceeding, it is equally necessary that such proceeding should be set out in the declaration now, as it was before the passage of the statute; but, if not a judicial proceeding, then reference should be made to such proceeding as was the subject of conversation by the defendant at the time of the uttering of the slanderous words. The declaration is manifestly predicated upon the idea that the statute had made the words themselves actionable per se; and that, therefore, no extrinsic matter was necessary to make them so. We cannot consent to this construction of the act. A charge of perjury is actionable in itself, but a charge of false swearing is not actionable, unless connected with some proceeding or matter in which perjury could be committed. We are clear, therefore, that the declaration contains no cause of action, as there is an utter failure to refer to such extrinsic matter as to apprize the defendant of the essence of the charge intended to be made against him, and thereby to enable him to justify himself by pleading the truth of such charges. Where the slander is prima facie actionable, as for calling a person directly a thief, or stating that he was guilty of perjury, &c., a declaration stating the defendant’s malicious intent, and the slander concerning the plaintiff, is sufficient without any prefatory inducement; but where the words do not naturally and per se convey the meaning the plaintiff would wish to assign to them, or are ambiguous and equivocal, and require explanation by reference to some extrinsic matter to show that they were actionable, it must not only be stated that such matter existed, but also that the words were spoken of and concerning it. (See 1 Chitty's Pl. page 384) The case of Carlock v. Spencer & Wife, reported in 2 Eng. Rep. at page 12, so far as it conflicts with the doctrine of this case, is consequently overruled. Under this construction of the act in question, it is clear that the court committed no error in overruling the demurrer to the second plea, as the plea, whether good or bad, was fully sufficient for the declaration. The judgment of the Circuit Court of Union county herein rendered, is consequently in all things affirmed.